IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

BOBBY RAY GRADY,

    Plaintiff,

vs.                                           Case No. 4:10cv57-RH/WCS

THERESA E. BAKER,

    Defendant.

                                  /

## REPORT AND RECOMMENDATION

Plaintiff, who is proceeding *pro se*, filed an amended civil rights complaint on March 23, 2010, doc. 6. This version of the complaint has been reviewed.

Plaintiff's amended complaint, doc. 6, is against a psychologist employed at the Florida State Hospital where Plaintiff is confined. Doc. 6. According to Plaintiff, the Defendant (Dr. Baker) submitted a report containing clinical findings which Plaintiff claims are false, exaggerations, perjury, and designed to prevent Plaintiff's "release from the hospital." Doc. 6, pp. 5-6. Plaintiff alleges that Defendant's false reports to the court is perjury and violates his constitutional rights. *Id.*, at 8-10. As relief, Plaintiff

seeks five hundred thousand dollars from the Defendant and to have her position at the hospital terminated. *Id.*, at 7.

Attached to Plaintiff's complaint is a copy of a Clinical Summary, prepared by the Defendant on or about June 18, 2009, and a report of M. S. Maher, M.D., a psychiatrist, on the same date. Doc. 6, pp. 10-20. The document was prepared for state criminal case number 07CFO19581A. *Id.*, p. 10. The purpose was to determine whether Plaintiff meets the criteria for continued commitment to the Florida Department of Children and Families, though it was uncertain whether Plaintiff had been found not guilty by reason of insanity, or whether charges remained pending and the issue was competency to go to trial. *Id.*, p. 11. Dr. Maher found that Plaintiff was competent to stand trial, and the reports were directed to "placement issues" for purposes of treatment. *Id.* The evaluation of Dr. Baker and Dr. Maher address Plaintiff's mental status, diagnosis, behavior, and history. *Id.*, pp. 10-20. Both Drs. Baker and Maher concluded that Plaintiff's condition still meets the criteria for involuntary hospitalization under FLA. STAT. § 916.15. *Id.*, pp. 20, 14. Plaintiff contends the differences in those reports show that the Defendant Baker gave a false report.

Assuming all that Plaintiff alleges is true, Plaintiff's only claim against the Defendant concerns the preparation of the report, which Plaintiff contends is false. It is apparent, however, that the report was for a state court determination of whether Plaintiff should continue to be involuntarily committed. Presumably, based at least in part on that report, the judicial decision was made to continue Plaintiff's involuntary commitment and psychiatric treatment. Plaintiff's current address indicates he is still receiving some type of treatment. He is now detained at the North Florida Evaluation

and Treatment Center in Gainesville, but was at the Florida State Hospital in Chattahoochee at the time the complaint was filed.

Defendant was involuntarily committed for treatment, and Dr. Baker's report was to the state court. When a witness provides testimony in judicial proceedings, the witness has immunity from monetary damages for providing that testimony. Briscoe v. LaHue, 460 U.S. 325, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983); *see also* Strength v. Hubert, 854 F.2d 421 (11th Cir.1988) (immunity during grand jury proceedings); Burns v. Reed, 500 U.S. 478, 490-92, 111 S.Ct. 1934, 114 L.Ed.2d 547 (1991) (prosecutors enjoy absolute immunity when examining a witness and presenting evidence in support of a search warrant during a probable cause hearing); Imbler v. Pachtman, 424 U.S. 409, 430, 96 S.Ct. 984, 994-995, 47 L.Ed.2d 128 (1976) (prosecutorial immunity); Mastroianni v. Bowers, 173 F.3d 1363 (11th Cir. 1999). For the same reasons that police officers enjoy absolute immunity as lay witnesses for their testimony at trial, *see* Briscoe v. LaHue, 460 U.S. 325, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983), a psychiatrist should also enjoy immunity for providing this sort of testimony. If a witness provides false testimony, in such circumstances the penalty for perjury provides adequate warning and remedy. Briscoe, 460 U.S. at 342, 103 S.Ct. 1108; Jones v. Cannon, 174 F.3d 1271, 1281 (11th Cir. 1999). The remedy is not to undermine testimony through the filing of a civil rights action.

Moreover, Plaintiff does not present a valid claim against Defendant Baker for rendering her medical opinion. Plaintiff's allegations are insufficient to state a § 1983 claim for violation of any constitutional rights. Plaintiff has not shown that the Defendant was deliberately indifferent to his medical needs or to a substantial risk to his safely.

Case No. 4:10cv57-RH/WCS

*See* Youngberg v. Romeo, 457 U.S. 307, 102 S.Ct. 2452, 73 L.Ed.2d 28 (1982) (treatment decisions made by medical professionals are "entitled to presumption of correctness"). The treatment decision of the psychiatrist who wrote an evaluation for the state court should not be challenged in a civil rights case. There is simply no allegation that the Defendant failed to provide care to Plaintiff, failed to protect his safety or provide for his needs.

Finally, Plaintiff may not seek to collaterally challenge his confinement through a civil rights action. Any challenge to the state court's decision to continue Plaintiff's detention is through a habeas petition.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's amended complaint, doc. 6, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the order adopting this report and recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on March 31, 2010.

s/ William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**